IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Jawan Robinson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Alkesh B. Gajjar, M.D.; Officer T. )<br>Bradley; Nurse B. Rodney; and )<br>Nurse W. Kaitlin, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:24-cv-1314-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Corey Jawan Robinson's pro se ("Plaintiff") complaint alleging that Defendants committed medical malpractice and violated his civil rights. (ECF No. 1.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 3, 2024, the Magistrate Judge issued an order notifying Plaintiff that his complaint was subject to summary dismissal for failure to state a claim and giving Plaintiff until May 17, 2024, to file an amended complaint. (ECF No. 19.) Plaintiff did not file a response to the May 3 order.

On June 5, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without further leave to amend, as Plaintiff has already had an opportunity to do so. (ECF No. 25.) The Magistrate Judge explained that Plaintiff's negligence and medical malpractice claims are not actionable under 42 U.S.C. § 1983 and that Plaintiff failed to allege sufficient facts to establish that Defendants are state actors. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file

written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 25), and the Court summarily dismisses this action without further leave to amend for the reasons set forth in the Report.** *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the

complaint is final and appealable").

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 25, 2024
Charleston, South Carolina